UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. KINARD,

        Plaintiff,                       Case No. 18-cv-10595

v.                                          HON. AVERN COHN

MICHAEL EAGAN, ABIGAIL A. CALLEJAS,
JEROME WARFIELD, JR., EDWIN M. HEAP,
MICHAEL E. ULCH, MORAN MCCLURE,
SUSAN E. BEEBE-JORDAN, and
JOHN and JANE DOE(S),

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding pro se and without prepayment of the filing fee, is suing defendants Michael Eagan, chairman of the Michigan Parole Board; parole board members Abigail A. Callejas, Jerome Warfield, Jr., and Edwin M. Heap1; probation agents Michael E. Ulch and Moran McClure; Jackson County Circuit Judge Susan E. Beebe-Jordan; and unnamed persons identified only as John and Jane Doe(s). In broad terms, plaintiff challenges procedures used at his probation-violation hearing, as well as, the Michigan Parole Board's practices, procedures, and zero-tolerance policy and its decision not to release him on parole. As will be explained, none of plaintiff's claims state a viable claim for relief. Accordingly, the complaint will be dismissed.

II. Legal Standard

A district court is required to screen an indigent prisoner's civil complaint and dismiss the complaint or any portion of it that is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

To make out a claim under § 1983, a plaintiff must show "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

III. The Complaint

As gleaned from the complaint and exhibits, plaintiff was convicted of larceny in a

2

building and sentenced to probation. In 2015, the state court found he violated the terms of probation, revoked his probation, and sentenced him to prison. On March 31, 2017, the Michigan Parole Board (MPB) declined to release plaintiff on parole for at least another twelve months. Plaintiff challenged the MPB's use of certain factors in making its decision. The MPB removed the factors but still upheld its decision that plaintiff was not entitled to release on parole. On July 13, 2018, plaintiff will be reconsidered for parole.

Plaintiff make several claims challenging the denial of his release on parole. He claims that the defendants: (1) violated his First Amendment right not to be retaliated against for filing grievances; (2) violated his Fourteenth Amendment right to due process and equal treatment by discriminating against him because he is a black man; (3) conspired to violate his constitutional rights by using a zero-tolerance policy and other practices and procedures; (4) violated his right of confrontation at his probation-violation hearing when they relied on a police report to convict him; (5) engaged in an abuse of process; (6) violated his Fifth Amendment right not to incriminate himself; (7) conspired to kidnap him and take him hostage; (8) concealed their wrongful acts from him; (9,11) breached their contracts and oath of office; and (10) should be stopped from (a) retaliating against him, (b) referring to this lawsuit, and (c) enforcing the Michigan Prisoner Reimbursement Act.

IV. Discussion

Plaintiff's claims fail to state a claim for several reasons. First, to the extent plaintiff is challenging the fact or duration of his physical imprisonment and seeks immediate release or a speedier release from custody, his claims would be more

3

appropriate in a petition for the writ of habeas corpus, following exhaustion of any available state remedies. Preiser v. Rodriguez, 411 U.S. 475, 499, n.14, 500 (1973). While it is true that plaintiff has not asked directly for release from custody,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).

"The Heck doctrine applies to probation revocation[] decisions," McBride v. O'Brien, 646 F. App'x 277, 278 (3d Cir. Apr. 13, 2016), and success on plaintiff's claims about his probation-violation hearing "would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). As such, the claims regarding the probation-violation hearing are not proper in this civil rights action. Moreover, even if plaintiff's claims about the MPB could be brought in a civil rights action, defendants are entitled to immunity. First, parole board members Eagan, Callejas, and Warfield "are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." Walter v. Torres, 917 F.2d 1379, 1384 (5th Cir. 1990).

Second, plaintiff says that Heap, Ulch, McClure, and Judge Beebe-Jordan placed false and misleading information in his pre-sentence information report which was sent to the MPB. Heap, Ulch, and McClure enjoy immunity regarding any recommendations concerning plaintiff's eligibility for parole. Horton v. Martin, 137 F. App'x 773, 775 (6th

4

Cir. 2005). The judge enjoys absolute immunity from a suit for money damages because she had jurisdiction over plaintiff's criminal case and her actions and rulings in the criminal case were taken in her judicial capacity. Mireles v. Waco, 502 U.S. 9, 9, 11-12 (1991).

As for plaintiff's due process claim, he has no constitutional or inherent right to be conditionally released before the expiration of his sentence. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). "Michigan's parole system [also] creates no legitimate claim of entitlement to parole, and thus no liberty interest in parole." Wershe v. Combs, 763 F.3d 500, 506 (6th Cir. 2014) (internal quotation marks and end citation omitted). Thus, plaintiff's due process claim lacks merit.

Plaintiff's equal protection claim fails because he has not shown that the defendants treated similarly situated individuals differently from him. Although plaintiff points out that the MPB has released individuals whose criminal histories are worse than his, the MPB considered many factors when deciding whether to release plaintiff on parole. For example, in addition to considering plaintiff's criminal history, the MPB noted that: plaintiff committed new criminal behavior while on probation; his crime involved the presence of a weapon; his crime arose in a multiple offender situation, and it involved the taking of property belonging to someone else. Further, plaintiff's post-conviction history included a history of parole or probation failure and absconding or failing to report. Plaintiff refused to be involved in psychological programming, and he has a history of substance abuse. (Compl., Doc. 1, Page ID 34-36.) Overall, it cannot be said that the MPB's decision violated plaintiff's equal protection rights.

V. Conclusion

For the reasons stated above, the complaint lacks an arguable basis in law, and it fails to state a plausible claim for which relief may be granted. Accordingly, the complaint is DISMISSED. The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 5/24/2018
      Detroit, Michigan