UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. KINARD,

    Plaintiff,

v.

MICHAEL EAGAN, ABIGAIL A. CALLEJAS,
JEROME WARFIELD, JR., EDWIN M. HEAP,
MICHAEL E. ULCH, MORAN MCCLURE,
SUSAN E. BEEBE-JORDAN, and
JOHN or JANE DOE(S),

    Defendants.
_____/

Case No. 18-cv-10595

HON. AVERN COHN

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (Doc. 17)

I. Introduction

This is a closed pro se civil rights case under 42 U.S.C. § 1983. Plaintiff Anthony L. Kinard, a state prisoner, sued members of the Michigan Parole Board, state probation agents, a former probation supervisor, a state-court judge, and unknown persons identified as John and Jane Doe(s). In broad terms, plaintiff's complaint challenged procedures used at plaintiff's probation-violation hearing, as well as, the Michigan Parole Board's practices, procedures, zero-tolerance policy, and its decision not to release plaintiff on parole. On May 24, 2018, the Court dismissed the complaint because none of plaintiff's grounds for relief stated a viable claim for relief. (Doc. 14).

Now before the Court is plaintiff's motion to alter or amend the judgment. (Doc. 17).[1] Plaintiff says that the Court failed to consider many of his claims, misapplied the law on other claims, and failed to liberally construe his complaint. Plaintiff also says that the Court made a factual error when it stated that he would be reconsidered for parole on July 13, 2018. He maintains that his complaint states viable claims and that it should be served on the defendants.

As explained below, plaintiff is not entitled to have the judgment altered or amended. Accordingly, the motion will be denied.

## II. Legal Standard

Plaintiff brings his motion under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting York v. Tate, 858 F.2d 322, 326 (6th Cir. 1988) (quoting Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986)).

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the

---

[1] Plaintiff also filed additional documents in support of his motion. See Doc. 18 (addendum to motion), Doc. 19 (exhibit) and Doc. 20 (letter).

"palpable defect" standard found in this district's local rules. Id. Under Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

### III. Discussion

Plaintiff says that the Court did not consider many of his claims. The Court, however, was not required to analyze the substance of each of plaintiff's eleven claims because he sought money damages and failed to show that the defendants' decisions were reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Plaintiff contends that Heck does not apply to his case because he is challenging only the procedures used by the Parole Board and the county defendants. The complaint, however, addressed more than the defendants' alleged procedural errors. Plaintiff challenged the reasons for the defendants' decisions, the calculation of his parole guideline score, and the alleged arbitrariness of the defendants' decisions. Plaintiff also asserted that the defendants discriminated, retaliated, and conspired against him. These claims pertain to the substance of the defendants' conduct, not mere procedural errors.

As further proof that plaintiff is not challenging only the defendants' procedures, the Court notes that he is not asking for new hearings or to have the Court declare the defendants' procedures invalid. Instead, he seeks money damages for past injuries. Cf. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that the state prisoners' claims for declaratory and injunctive relief were cognizable under § 1983 because success for one of the prisoners meant, at most, new parole eligibility review, and success for the other prisoner meant, at most, a new parole hearing). Therefore, the Court did not err by applying Heck.

Even if the Court misapplied Heck to the facts of this case, the Court also determined that the defendants were immune from suit. Therefore, correcting the error would not result in a different disposition of the case.

Plaintiff also says that the Court erred in its ruling on his due process and equal-protection claims. His due process claim, however, lacks merit because he has no inherent right to be released on parole, Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979), "and thus no liberty interest in parole." Wershe v. Combs, 763 F.3d 500, 506 (6th Cir. 2014). Absent a protected liberty interest, there is no due process protection, Sova v. Holder, 451 F. App'x 543, 547 (6th Cir. 2011), and plaintiff's claim lacks merit.

Plaintiff's equal protection claim also fails, because he has not shown that the defendants treated him differently from similarly situated individuals. Finally, even if the Court misstated the date when the Michigan Parole Board would reconsider plaintiff for

release on parole, correcting the error will not result in a different disposition of this case.

IV. Conclusion

Plaintiff has failed to show that the Court made a clear error of law or a palpable defect when it summarily dismissed his complaint. Accordingly, the motion to alter or amend the judgment (Doc. 17) is DENIED. The Court also certifies that an appeal from the Court's judgment or from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

S/ Avern Cohn
_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 2-8-19
Detroit, Michigan